IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL W. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-0231-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING ATTORNEY'S FEES IN PART

Currently pending before the Court is Plaintiff James H. Green's Motion for 42 U.S.C. § 406(b) Fees (Doc. 28). Plaintiff has requested reimbursement in the amount of $42,328.63 for 42.75 hours of work completed on Samuel W. Burton's social security case. Defendant objects claiming that the amount is unreasonable. For the following reasons the motion is GRANTED IN PART.

The fee agreement between Plaintiff and his client was a contingency agreement for 25% of all recoveries for past due benefits. The statute governing the award of court-approved attorneys' fees in social security cases states in relevant part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1).

In *Gisbrecht v. Barnhart*, the Supreme Court described the court's role under section 406(b) in determining the reasonableness of fees. 535 U.S. 789 (2002). The Court observed that the statute "calls for court review of [contingent fee] arrangements as an independent check,

to assure that they yield reasonable results in particular cases." *Id*. at 807. It also found that Congress provided one guiding principle for evaluating fee agreements. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." 535 U.S. 789, 807 (2002) (internal citations omitted). Courts may appropriately reduce an attorney's recovery based on the character of the representation or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

In *Hensley v. Eckerhart*, the Supreme Court identified 12 factors to consider in determining the reasonableness of an attorney's fees. 461 U.S. 424, 430 n.3 (1983). These factors include the novelty and difficulty of the questions involved, the customary fee, whether the fee is fixed or contingent, the amount involved and the results obtained, and the amount of awards in similar cases. *Id.* These factors are generally accepted as relevant to determining an award in social security cases. *Roak v. Barnhart*, 221 F. Supp. 2d 1020, 1023 (W.D. Mo. 2002).

Counsel spent 42.75 hours working on this case and seeks approval of a $42,328.63 fee, which is 25% of the amount awarded to his client in back due benefits. As Counsel notes, this represents an hourly rate of $990.14. The Court believes this amount is unreasonably high, particularly since the Court previously held that $140 an hour was an appropriate rate of pay for work performed in this case under the Equal Access to Justice Act ("EAJA") (Doc. 27).

Counsel argues that he took this case on a contingency fee basis, and, that to determine an appropriate hourly rate for contingency work representing a claimant in a social security case, the Court should divide the hourly rate for non-contingent work by 2.8 to reflect the risk of

2

receiving no payment at all.  Counsel observes that once the $990.14 hourly rate is divided by 2.8 to reflect the contingency risk, the hourly base rate is a more reasonable $353.62 per hour.

Although the Court believes that this argument is persuasive,[1] it still holds that the amount requested is too high.  Applying the relevant *Hensley* factors to the present case, the Court finds that the questions involved were not unusually novel or difficult; that the customary base fee in such cases is approximately $140 an hour; that this was a contingent fee case and counsel took some financial risk by undertaking the representation; that the amount of money in dispute was considerable and counsel obtained a monetary award for his client; and that awards in similar cases have been considerably less than Counsel requests.  *Whitehead*, 2006 WL 910004, at *2 (holding that a contingency rate of $373.1, which was equivalent to a non-contingency rate of $133.27, was reasonable); *Davis v. Apfel*, No. C00-0162, 2001 WL 34148162, at *2 (N.D. Iowa Dec. 12, 2001) (holding $200 a reasonable hourly rate).  Accordingly, given the *Hensley* factors, the Court finds that $140 is an appropriate hourly base rate.  Multiplying this amount by 2.8 to reflect the risk of taking this case on a contingency fee basis yields an hourly rate of $392, which the Court finds reasonable.

Thus, the Court finds that $16,758 is a reasonable award of attorneys' fees in this case ($392 x 42.75 hours).  It is hereby ORDERED that Plaintiff's motion for attorney's fees is GRANTED IN PART.  Plaintiff shall be awarded payment of $16,758 in attorney's fees pursuant to 42 U.S.C. § 406(b).  It is further ORDERED that Counsel shall refund to his client, Samuel W. Burton, the sum of $6,000 in fees awarded under the EAJA.

---

[1] The 2.8 factor appears to originate in *Whitehead v. Barnhart*, No. 4:01-cv-0095-FJG, 2006 WL 910004, at *2 (W.D. Mo. April 7, 2006).  In that case Plaintiff's counsel argued that based on statistics used in *Gisbrecht* a plaintiff has about a 36% chance of establishing entitlement to benefits after filing suit, thus an attorney should charge a winning client a contingent fee that is 2.8 times larger than the fee he charges a client paying on a non-contingent basis to offset for the lack of compensation in cases he loses.  The *Whitehead* court agreed that 2.8 was a reasonable factor.  This Court also finds that 2.8 is a reasonable factor.

Date: October 26, 2011                          /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT